Reuben D. Nathan, Esq. (SBN 208436)
Email: rnathan@nathanlawpractice.com
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Facsimile:(619) 330-1819

Attorneys for Plaintiff, NASREEN HARIS and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASREEN HARIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>KIMBERLY-CLARK WORLDWIDE, INC.; and Does 1 through 10; inclusive<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

COMPLAINT – JURY TRIAL DEMANDED

1       Plaintiff, Nasreen Haris (collectively, "Plaintiff") bring this action on behalf of themselves
2  and all others similarly situated against Kimberly-Clark Worldwide, Inc. and Kimberly-Clark
3  Worldwide Corporation (collectively "Kimberly-Clark" or "Defendant"). Plaintiff make the
4  following allegations based upon information and belief, except as to the allegations specifically
5  pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1. Defendant markets Huggies "Natural Care" Baby Wipes ("Huggies' Huggies' Wipes"), which are offered for sale in various packaging, including soft packages containing 32 and 56 Huggies' Wipes, tubs containing 40 and 64 Huggies' Wipes, "Clutch n' Clean" packages contain Huggies' Wipes, and re-fill packages containing (i.e. 552, 624 ct.) and for Huggies' Wipes (collectively, the "Products").

2. Defendant falsely advertises the Products as being "natural". Despite the representations, the Products are actually non-natural, contain synthetic and chemical ingredients, and constitute false and misleading advertising. The Products contain phenoxyethanol, caprylyl glycol, cocamidopropyl betaine, and sodium citrate, which are synthetic ingredients. Phenoxyethanol "can depress the central nervous system and ma cause vomiting and diarrhea, which can lead to dehydration in infants, according to the Food and Drug Administration ("FDA").[1] 7 U.S.C. § 6502(21) defines the term "synthetic" as "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes."

3. The front packaging of every Huggies' Wipes states that the Products are "natural" with the additional statements to support its natural claim such as "gentle clean", "hypoallergenic", and "#1 Branded Wipes", "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean."

---

[1] http://www.fda.gov/newsevents/newsroom/pressannouncements/ucm116900.htm
[2] *Natural Products Industry Sales up 9.5% to $180bn Says NBJ,* FOOD NAVIGATOR,

AMENDED CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
Case No. 3:17-cv-01675-JSC                                                              1

4. Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning products, bath and beauty products and everyday household products. Companies such as the Defendant have capitalized on consumers' desire for purportedly "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural" over products that contain synthetic ingredients. In 2015, sales of natural products grew 9.5% to $180 billion.[2]

5. Contrary to the labeling, however, every purportedly natural Product contains phenoxyethanol and/or ethylhexylglycerin. In April 2016, the Federal Trade Commission ("FTC") filed complaints against three cosmetics manufacturers for representing that their products were "natural" when they contained one or both of those two ingredients. All three companies agreed to cease marketing the products in question as being "natural."[3] Caprylyl glycol, cocamidopropyl betaine, and sodium citrate are also synthetic or artificial in nature and present in the Products.

6. Plaintiff and members of the classes described below paid a premium for Defendant's Products over comparable products that did not purport to be natural products. Contrary to representations on the Products' labeling, instead of receiving natural products, consumers receive products with unnatural and/or synthetic ingredients.

7. Defendant's representation that the Products are "natural" as a result of the "Natural Care" claims is unfair, unlawful, and fraudulent conduct, is likely to deceive members of the public, and continues to this day. As such, Defendant's practices violate California's Consumer

---

[2] *Natural Products Industry Sales up 9.5% to $180bn Says NBJ,* FOOD NAVIGATOR, http://www.foodnavigator-usa.com/Markets/EXPO-WEST-trendspotting-organics-natural-claims/(page)/6; *see also* Shoshanna Delventhal, *Study Shows Surge in Demand for "Natural" Products*, INVESTOPEDIA (February 22, 2017), http://www.investopedia.com/articles/investing/022217/study-shows-surge-demand-natural-products.asp (Study by Kline Research indicated that in 2016, the personal care market reached 9% growth in the U.S. and 8% in the U.K. The trend-driven natural and organic personal care industry is on track to be worth $25.1 million by 2025); *Natural living: The next frontier for growth? [NEXT Forecast 2017]*, NEW HOPE NTWORK (December 20, 2016), http://www.newhope.com/beauty-and-lifestyle/natural-living-next-frontier-growth-next-forecast-2017.
[3] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care (last visited March 21, 2017).

Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"). Plaintiff also brings claims for fraud, unjust enrichment and breach of express warranty.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Products to hundreds of locations within this County and thousands of retail locations throughout California, where the Products are purchased by thousands of consumers every day.

9. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

10. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District.

## PARTIES

11. Plaintiff, Nasreen Haris is a citizen of California, residing in Dublin. In the last approximately two years, Ms. Harris made several purchases of Huggies' Wipes in either 32 and 56 Huggies' Wipes, tubs containing 40 and 64 Huggies' Wipes, "Clutch n' Clean" packages contain Huggies' Wipes, and re-fill packages containing (i.e. 552, 624 ct.) and for Huggies' Wipes from various stores, including Safeway, Walmart, and Costco in and around Walnut Creek and San

Ramon, California. Prior to purchasing Huggies' Wipes, Ms. Haris saw and read the front of the product packaging, and relied on the representation and warranty that the product was "natural." Prior to purchasing, Ms. Haris also saw, read and relied on the representation and warranty that the product was "natural", "gentle clean", and " softer for sensitive skin", and "#1 Branded Wipes". Ms. Haris understood these representations to mean that did not contain synthetic chemicals. In addition, Mr. Haris has viewed representations on the www.huggies.com website, prior to making purchase of Huggies' Wipes, including, but not limited to "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean" which Ms. Haris understood to mean that the Huggies' Wipes did not contain synthetic chemicals. Ms. Haris purchased Huggies' Wipes at a substantial price premium, and would not have bought the product had she known that the labeling he relied on was false, misleading, deceptive and unfair.

12. Ms. Haris would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their "natural" (and related false and/or misleading representations) labeling and marketing.

13. Defendant Kimberly-Clark Worldwide, Inc. is a Delaware corporation with its principal place of business at 351 Phelps Drive, Irving, Texas 75038 ("Defendants").

14. Defendant produces, markets and distributes Huggies' Wipes United States. Defendant knew that the labeling of the Products is false and misleading to a reasonable consumer, because the Products contain phenoxyethanol, caprylyl glycol, cocamidopropyl betaine, and sodium citrate, which are inconsistent with the product labeling.

**FACTS COMMON TO ALL CAUSES OF ACTION**

15. Consumers have become increasingly concerned about the effects of synthetics and chemical ingredients in cosmetic products. As a result, consumers are willing to pay, and have paid, a premium for products labeled "natural" over ordinary products that contain synthetic ingredients.

16. The FTC has warned marketers that the use of the term "natural" may be deceptive:
> Marketers that are using terms such as natural must ensure that they
> can substantiate whatever claims they are conveying to reasonable

consumers. If reasonable consumers could interpret a natural claim
as representing that a product contains no artificial ingredients, then
the marketer must be able to substantiate that fact.[4]

17. Likewise, the Food and Drug Administration ("FDA") warns that any "natural labeling on cosmetic products must be "truthful and not misleading."[5] Defendant markets and labels the Products as "natural," "gentle," "softer for sensitive skin", and "hypoallergenic."

18. Kimberly-Clark also advertises the Products as being "[h]ypoallergenic, fragrance and alcohol free, with a touch of aloe and Vitamin E, gentle clean, and #1 Branded Wipe."

19. Plaintiff and the class expects that baby care products that are labeled or advertised as being "natural" to be free from synthetic, harmful and/or toxic ingredients.

20. The Huggies' Wipes actually contain nonnatural, synthetic, and/or artificial ingredients, including phenoxyethanol, caprylyl glycol, cocamidopropyl betaine, and sodium citrate.

21. The phrases "natural", "gentle", "hypoallergenic", "simplest formula for a gentle clean", "#1 Branded Wipes", " softer for sensitive skin" are representations to a reasonable consumer that the Products contains only natural ingredients. These phrases are misleading to a reasonable consumer because the Products actually contain unnatural and synthetic ingredients.

22. The Products have been labeled "natural", "gentle", "hypoallergenic", "simplest formula for a gentle clean", "#1 Branded Wipes", " softer for sensitive skin" "gentle clean", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean" at all times during the last four years, at least.

23. Based on the language that appears on the front of the Products, Plaintiff Ms. Haris reasonably believed that Products contained only natural ingredients.

---

[4] 75 Fed. Reg. 63552, 63586 (Oct. 15, 2010).
[5] FDA, Small Business & Homemade Cosmetics: Fact Sheet, *available at* http://www.fda.gov/Cosmetics/ResourcesForYou/Industry/ucm388736.htm#7.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

5

24. Defendant knew that consumers would/will pay more for a product labeled "natural," and intended to deceive Plaintiff and putative class members by labeling the Products as purportedly natural products.

## CLASS ALLEGATIONS

25. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Products during the class period (the "Class"). Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

26. Plaintiff also seeks to represent a Subclass of all persons in California who purchased the Products during the class period (the "California Subclass"). Excluded from the California Subclass are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

27. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class members include, but are not limited to the following:

    a. whether Defendant misrepresented material facts concerning the Products on the label of every product;

    b. whether Defendant's conduct was unfair and/or deceptive;

    c. whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon them by Plaintiff and the classes;

    d. whether Defendant breached express warranties to Plaintiff and the classes;

e. whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

28. Plaintiff' claims are typical of those of other class members because Plaintiff, like all members of the classes, purchased Defendant's Products bearing the natural representations and Plaintiff sustained damages from Defendant's wrongful conduct.

29. Plaintiff will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the classes.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

32. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class members are not parties to such actions.

## COUNT I
**Violation Of California's Consumers Legal Remedies Act ("CLRA"),
California Civil Code §§ 1750, *et seq.***

33. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

34. Plaintiff Haris bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

35. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

7

36. Plaintiff Haris and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

37. Plaintiff Haris, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

38. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

39. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Haris and the other members of the California Subclass that the Products are "natural", "gentle clean", "hypoallergenic", and "#1 Branded Wipes", "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean."when in fact they are made with synthetic ingredients.

40. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

41. On October 27, 2017 and on December 7, 2017, Plaintiff Haris mailed a notice letter to Defendant consistent with California Civil Code § 1782(a). The letter was sent on behalf of Haris and all other persons similarly situated. In addition, the declaration establishing venue was submitted and previously attached to the original complaint filed in this case.

42. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Haris, on behalf of themselves and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

8

# COUNT II
## Violation Of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*

43. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

44. Plaintiff Haris bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

45. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

46. Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

47. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

48. Defendant violated the "fraudulent" prong of the UCL by misrepresenting that the Products are "natural", "gentle clean", "hypoallergenic", and "#1 Branded Wipes", "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean." when, in fact, they are made with synthetic ingredients.

49. Plaintiff Haris and the California Subclass lost money or property as a result of Defendant's UCL violations because: because: (a) they would not have purchased the Products on the same terms if they knew that the Products were made with unnatural and synthetic ingredients (b) they paid a substantial price premium compared to other skin care and hygiene products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT III
## Violation Of California's False Advertising Law ("FAL"),
## California Business & Professions Code §§ 17500, *et seq.*

50. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff Haris bring this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

52. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

53. Defendant committed acts of false advertising, as defined by §§17500, *et seq.*, by misrepresenting that the Products are "natural", "gentle clean", "hypoallergenic", and "#1 Branded Wipes", "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean."when they are not.

54. Defendant knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading.

55. Defendant's actions in violation of §§ 17500, *et seq.* were false and misleading such that the general public is and was likely to be deceived. Plaintiff Haris and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the Products on the same terms if they knew that the Products were made with unnatural and synthetic ingredients; (b) they paid a substantial price premium compared to other skin care and hygiene products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

10

## COUNT IV
**Breach of Express Warranty**

56. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendant.

58. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products are "natural", "gentle clean", "hypoallergenic", and "#1 Branded Wipes", "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean."

59. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Products, became part of the basis of the bargain between Defendant and Plaintiff and the Class, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

60. The Products do not conform to the express warranty because they contain ingredients that are unnatural and synthetic.

61. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products' unnatural ingredients; (b) they paid a substantial price premium based on Defendant's express warranties; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT V
**Unjust Enrichment**

62. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63. Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendant.

64. Plaintiff and class members conferred benefits on Defendant by purchasing the Products.

65. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff' and class members' purchases of the Products. Retention of those monies under these circumstances is unjust and inequitable because of Defendant's misrepresentations about the Products, which caused injuries to Plaintiff and members of the classes because they would not have purchased the Products if the true facts had been known.

66. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for their unjust enrichment, as ordered by the Court.

## COUNT VI
### Fraud

67. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

68. Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendant.

69. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information about the Products by representing that they are "natural", "gentle clean", "hypoallergenic", and "#1 Branded Wipes", "Huggies Natural Care®", "America's #1 branded baby wipe," "hypoallergenic Natural Care®", and "soft and gentle clean." Defendant made that misrepresentation knowing it was false.

70. Defendant's misrepresentations, upon which Plaintiff and class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and class members to purchase the Products.

71. Defendant's fraudulent actions harmed Plaintiff and class members, who are entitled to damages and other legal and equitable relief as a result.

//

//

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment on behalf of themselves and members of the Class, California Subclass, as follows:

A. For an order certifying the nationwide Class, California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as Class and Subclass representatives; and naming Plaintiff' attorneys as Class Counsel representing the Class and Subclass members;

B. For an order finding in favor of Plaintiff, the nationwide Class, the California Subclass, on all counts asserted herein;

C. For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D. For injunctive relief enjoining the illegal acts detailed herein;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For an order awarding Plaintiff their reasonable attorneys' fees and expenses and costs of suit.

# JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 8, 2017                    Respectfully submitted,

                                                      **NATHAN & ASSOCIATES, APC**

                                        By:    */s/ Reuben D. Nathan*
                                                  Reuben D. Nathan

                                                  Reuben D. Nathan (State Bar No. 208436)
                                                  600 W. Broadway, Suite 700
                                                  San Diego, California 92101
                                                  Telephone: (619)272-7014
                                                  Facsimile: (619)330-1819
                                                  E-Mail: rnathan@nathanlawpractice.com